## ASHURST *vs.* PHILLIPS' EXECUTRIX.

[SUMMARY PROCEEDING ON FORTHCOMING BOND, TAKEN UNDER § 19 OF AN "ACT TO REGULATE JUDICIAL PROCEEDINGS," APPROVED DEC. 10TH, 1861.]

1. "*Act to regulate judicial proceedings*," *approved Dec. 10th*, 1861, *19th section of; unconstitutionality of.*—The 19th section of an "act to regulate judicial proceedings," approved December 10th, 1861, is unconstitutional and void; it violates the constitutional prohibition against laws impairing the obligation of contracts, and delaying justice.

APPEAL from Circuit Court of Tallapoosa.
Tried before the Hon. ROBERT DOUGHERTY.

On the 25th April, at the spring term, 1861, of the Tallapoosa circuit court, the appellee, James D. Phillips, recovered judgment against John F. Ashurst for $6831 40; execution was duly issued thereon and delivered to the

sheriff, August 1, 1861.   No return was made on the *fi. fa.* ;
but with it the sheriff returned a bond, signed by John F.
Ashurst, Robert Thompson, and R. T. Ashurst, reciting the
recovery of the judgment against J. F. Ashurst, condi-
tioned to pay the amount of said judgment or deliver to
the sheriff at Dadeville, Alabama, on or before the fourth
Monday in September, at noon, certain slaves "this day
levied on." The bond is not dated ; the names of the
obligors are not set out in the body of the bond, nor does
it appear that the bond was ever approved. On the bond
was endorsed, " The within bond forfeited, September 27,
1861. J. M. Phillips, sheriff."

On 1st October, 1861, an execution was issued against
John F. Ashurst, and "Robert Thompson and R. T. Ash-
urst, his securities on his forthcoming bond," endorsed
by the clerk, "no security of any kind to be taken," which
went into the hands of the sheriff the same day, and was
returned by him—" Money not made, and J. F. Ashurst,
one of the defendants, gone to the war, this 20th day of
March, 1862." On the 2d of June, 1862, an *alias fi. fa.* was
issued against the same defendants, whereupon they made
a written suggestion of irregularity, &c., to the sheriff, as
authorized by the statute, and gave the bond as therein
provided, with Robert Thompson and R. T. Ashurst prin-
cipals, and John McKenzie and S. T. Strickland sureties,
and the sheriff returned the *fi. fa.* endorsed by him—
" Stayed by suggestion and bond under the statute, 30th
day of July, 1862."

No other proceedings were had in the cause, until the
spring term, 1866, of the circuit court, when the plaintiff
demurred to "the suggestion made to the sheriff, on the
levy of the execution on the 30th of July, 1862, to stay
said execution," and the court sustained the demurrer, and
" adjudged that said suggestion is insufficient and not
established as true " ; that " the bond given under the said
act, authorizing the suggestions, have the force and effect
of a judgment against all the obligors on said bond, (nam-
ing them,) and that the plaintiff recover of John F. Ash-
urst, and Robert T. Ashurst and Robert Thompson, the
parties to the original execution, and John McKenzie and

S. T. Strickland, their sureties on the bond for suggestion, the amount of the original execution, being the sum of $6831 40, the amount of the original judgment rendered on the 25th day of April, 1861, and interest from date, together with all the costs arising and accruing on the same." From this judgment the defendants appeal to this court; where, pending said appeal, the appellee having died, the appeal was revived in the name of the executrix of said Phillips. The errors assigned are :

1. There was no law authorizing such summary judgment.

2. The statute relied on to sustain such judgment is unconstitutional and void.

3. The execution on which the bond was given, upon which bond said judgment was void as to all the parties except John F. Ashurst, and, therefore, said bond is void.

4. Said last named execution was utterly void, and does not sustain the bond, which was void.

5. The proceedings against all the appellants, except John F. Ashurst, is irregular and should be reversed.

7. The court erred in entertaining a demurrer, as set forth in the judgment entry.

8. The said judgment was erroneously entered against each of the appellants, and this error is assigned for each separately, as well as for them jointly."

W. P. CHILTON, for appellants, insisted, in the first place, that the law, or rather the act of 1861, under which the proceeding was had, was unconstitutional and void, and furnished no warrant for such judgment.

The supreme court, in the case of *Ex parte Pollard* and *Ex parte Wood*, 40 Ala. 77, have decided a similar statute to be void, as opposed to the constitution of the United States. I may therefore submit the case upon that decision, since I feel quite sure the opposite counsel will not attempt to draw any distinction between the two statutes.

2. But aside from the unconstitutionality of the statute, this judgment is irregular, from various matters apparent on the record, as I will proceed to show :

The original judgment was rendered at the spring term,

1861, against John F. Ashurst.  On this judgment a *fi. fa.* issued on the 1st May, 1861, and was placed in the plaintiff's hands the 1st August, 1861.  The sheriff makes no written return upon the *fi. fa.*, but returns a paper, endorsed upon it by him, "the within bond forfeited, September 27th, 1861," and signed by him.

This paper, so returned, is signed by John F. Ashurst, Robert Thompson and R. F. Ashurst.  It was probably intended as a forthcoming bond, but is utterly worthless as a statutory bond : Because, 1. No person appears in the body of it as obligors ; 2. There is no condition ; it reads, "if the above bounden ——— do pay, or cause to be paid," &c. ; 3. Its date is the — day of —, in the year of our Lord, 185 ; 4. It is conditioned in default of ——— paying the amount of the execution, that "the following property be delivered to the sheriff : Nat, Squire, Ben, Buky, Mariah, Lawson, Roger, Judy, this day levied on, (no day being named,) to satisfy said execution by said sheriff, on or before the 4th Monday of September, by 12 o'clock (noon) of said day, then this obligation to be void," &c. ; 5. The bond having no date, no time is stated for the delivery of the property represented by the names used, whatever it may be—slaves, mules, horses, &c.  Now, it is too clear to admit of any doubt, that no execution could issue on such a bond as this.

But a *fi. fa* was issued against John F. Ashurst, Robert Thompson and R. F. Ashurst, "his securities on a forthcoming bond," the 1st October, 1861, endorsed by clerk, "no security of any kind to be taken."

This was received by the sheriff 1st October, 1861, and returned "money not made, and J. F. Ashurst, one of the defendants, gone to the war, this March 2d, 1862."

A third *fi. fa.* issued against the three parties last named, and was received by the sheriff on 2d June, 1862, and by him returned, "stayed by suggestion and bond under the statute, 30th day of July, 1862."

The court will observe that these are summary proceedings, and the party must bring himself *strictly within the*

11

*law*, in order to validate them.—See Shepherd's Digest, p. 747, *et seq.* Now, it will be seen that the very foundation for these proceedings, as required by the act of 10th of December, 1861, is wanting. The 19th section of that act, providing for such suggestion, says : " *That if any levy has been made under any execution,* (except for taxes, or debts due this State,) any defendant therein, upon delivering to the officer *holding such execution,* a written suggestion that there is some irregularity," &c. *No levy was made upon this execution, and, consequently, the case does not come within the statute, and, therefore, no summary judgment can be rendered on the bond.* It only applies to *levied* executions.

So that, whether the statute be constitutional or not, *quacunque via data,* the judgment is wrong.

W. H. ₂BARNES, *contra.*

B. F. SAFFOLD, J.—The question presented by the assignment of errors, is the validity of a judgment rendered in the circuit court of Tallapoosa county, at the spring term, 1866, of the court, against the obligors to a bond taken under the provisions of section 19, of "An act to regulate judicial proceedings," approved December 10th, 1861. The section referred to, recites that any defendant in execution, when a levy has been made, may deliver to the officer holding the execution a written suggestion that there is some irregularity or illegality in the execution, or in its issue, or in the proceedings under it. Having done this, that he should have a right to supersede the execution by giving bond in double the amount of the execution, payable to the plaintiff, conditioned to pay the amount of the execution, and the interest and costs, if the suggestion is not established as true. The court is to try any issue made up, as to the truth of the suggestion, and an appeal is allowed at any time within six months from the rendition of the judgment.

The suggestion is not required to be true, nor is it to contain matter of defense available by any law or rule of practice. It may be anything whatever. It subserves its

purpose in defeating the execution.    It delays the plaintiff, while it tantalizes and injures the defendant.

This subject is elaborately discussed by this court in *Ex parte Pollard* and *Ex parte Woods*, (40 Ala. 77,) in determining the constitutionality of exactly similar provisions of "An act to regulate judicial proceedings," approved February 20th, 1866.    It is unnecessary to repeat here, what is there so well said.

The 19th section of the act of 1861, being in violation of the constitutional requirement, that right and justice shall be administered without delay, and that no law impairing the obligation of contracts shall be made, the bond taken and the judgment rendered on it in compliance with the section, are void.

The judgment of the circuit court is reversed.

As no further action can be taken on the bond, the cause is not remanded.